UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID KEON BRAGGS                                                    PETITIONER

VS.                                        CIVIL ACTION NO. 3:15-cv-511-CWR-FKB

STATE OF MISSISSIPPI                                              RESPONDENT


REPORT AND RECOMMENDATION

        This cause is before the Court on the petition of David Keon Braggs for habeas corpus

relief filed pursuant to 28 U.S.C. § 2254.  At the outset, the Court notes that its review of

Braggs's conviction is circumscribed.   In other words, federal courts do not sit as "super" state

supreme courts in habeas corpus proceedings to review errors under state law.  *Dickerson v.

Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).   Instead, "[a] state prisoner is entitled to relief

under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or

treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. §

2254(a)).   Guided by these fundamental principles, the Court has considered Braggs's petition,

the Respondent's answer, and all related filings.  For the reasons that follow, the undersigned

concludes that the petition should be dismissed with prejudice. Accordingly, Petitioner's Motion

for Summary Judgment [14] should be denied.

I. FACTS AND PROCEDURAL HISTORY

        Braggs was convicted of armed robbery in a jury trial conducted November 15-17, 2004,

in the Circuit Court of the First Judicial District of Hinds County, Mississippi. [18-2] at 2.  On

March 14, 2005, the trial court sentenced him to a term of twenty-five (25) years in the custody

of the Mississippi Department of Corrections ("MDOC"). [18-1] at 89.  His court-appointed

attorney failed to file a direct appeal of his conviction. *Braggs v. Mississippi*, Civil Action No.
3:10cv236-DPJ-FKB, at [25]. While Braggs filed numerous motions and requests for assistance
in the trial court, he never filed a state-court application for post-conviction relief. *Id.*

On April 22, 2010, Braggs filed his first petition for writ of habeas corpus relief in this
Court. *Id.* at [1]. In filings related to that petition, Braggs argued that he was unaware until
2010 that his trial court counsel had filed a motion for judgment notwithstanding the verdict, and
that the state trial court had never ruled on his motion. [26] at 2. Under those particular
circumstances, the District Court concluded that the petition was not time-barred, and it
dismissed the petition without prejudice for failure to exhaust state court remedies on August 18,
2011. *Id.* at [28].

Thereafter, Braggs pursued state court remedies.[1] With the aid of counsel, he filed a
direct appeal of his conviction, raising the following ground for relief:

> Whether appellant David Braggs's trial counsel was so ineffective and detrimental
> to his cause as to affect the outcome of the trial and to deny David Braggs of his
> right to assistance of counsel?

[18-6] at 31. On September 10, 2013, the Mississippi Court of Appeals affirmed Braggs's
conviction and found that the record failed to support his claim of ineffective assistance of
counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Braggs v. State*, 121 So. 3d 269

---

[1]Just prior to the District Court's entry of judgment, Braggs had filed on August 10, 2011,
a *pro se* Petition for Writ of Mandamus with the Mississippi Supreme Court seeking a ruling on
his motion for judgment notwithstanding the verdict. [18-1] at 126. In its Order responding to
the Petition for Writ of Mandamus, the trial court determined that it was without jurisdiction to
consider a six-year-old motion for judgment notwithstanding the verdict. *Id.* at 131. Thereafter,
the Mississippi Supreme Court construed the trial court's ruling as a denial of the motion for
judgment notwithstanding the verdict and gave Braggs thirty days to file a notice of appeal of his
conviction in the Hinds County Circuit Court. *Id.* at 132-133. After a hearing, the Hinds County
Circuit Court appointed counsel to pursue an appeal. *Id.* at 135.

(Miss. Ct. App. 2013); [12-1].

On November 8, 2013, Braggs filed a *pro se* Motion for Post-Conviction Collateral
Relief in the Mississippi Supreme Court.  [18-8] at 35, 40.  In the Motion, Braggs raised the
following grounds for relief:

> <u>Issue No. 1</u>: Trial counsel Ken McNee's failure to object to inadmissible hearsay
> through F.B.I. Agent's  testimony procured the obvious effect to mislead the jury
> – malforming the verdict, thus negating Braggs's rights to effective assistance of
> counsel.
>
> <u>Issue No. 2</u>: Trial counsel Ken McNee's failure to object to the prosecution's
> admission of exhibits obviously improperly colored Braggs's defense theory of
> innocence, thus negating Braggs's rights to effective assistance of counsel.
>
> <u>Issue No. 3</u>: Trial counsel Ken McNee's informal filing of J.N.O.V. was in
> altitude as egregious and villainous – a prejudice to Braggs's defense theory of
> mistrial, thus negating Braggs's right to effective assistance of counsel.
>
> <u>Issue No. 4</u>: Appellate counsel Virginia Watkins and W. Daniel Hinchcliff's
> failure to properly inform the circuit and appellate court of the case's actual
> status, that no judgment of conviction ever entered, extended the petitioner's
> unjust suffering to illegal imprisonment, thus negating Braggs's right to effective
> assistance of counsel.
>
> <u>Issue No. 5</u>: Appellate counsel W. Daniel Hinchcliff's failure to file rebuttal to
> refute Special Assistant Attorney General W. Glenn Watts's deceptive reply brief
> – forgery and manipulation of the trial transcript record, impeded the brain of
> court justices, thus shifting the outcome and negating Braggs's right to effective
> assistance of counsel.
>
> <u>Issue No. 6</u>: Appellate counsel Virginia Watkins and W. Daniel Hinchcliff have
> both disrespected and derogated the petitioner David K. Braggs, as disregarding
> his assertions that the trial transcript record has been modified from its original
> version – unapproved by the court record, thus negating Braggs's right to
> effective assistance of counsel.

[18-8] at 37-38.  In an Order filed January 16, 2014, the Mississippi Supreme Court denied the
motion for post-conviction relief, finding that Braggs's allegations of ineffective assistance of
trial and appellate counsel "lack sufficient merit to warrant an evidentiary hearing." [12-2] at 1.

Braggs signed his petition for habeas corpus relief on July 7, 2015, [1] at 16, and it was filed in this Court on July 15, 2015.[2] [1] at 1. In his petition, Braggs raises the following grounds for relief:

Ground One: The unfiled and unentered verdict of guilt is evidence to sentence upon the innocent, directly constituting violation of the U.S. Constitutional 13th Amendment which abolished slavery.

Ground Two: Admission of trial exhibits by the prosecution was definitely unlawful, violating the U.S. Constitution's Due Process clause within the 14th Amendment.

Ground Three: The Hinds County Circuit Court illegally modified the trial transcript, the revised story-line is defensive, but tangibly unapproved by the approved.

Ground Four: Ineffective assistance of counsel, Virginia Watkins and Daniel Hinchcliff, both prejudiced the understanding of David Braggs's case's actual status.

A:      Appellate counsel Watkins erroneously filed notice of appeal because no verdict of guilt was filed or ever entered.

B:      Trial counsel McNees erred by filing a J.N.O.V. because no verdict was filed.

C:      Appellate counsel Watkins ignored the illegal sentence because no verdict was entered.

D:      Appellate counsel Hinchcliff erred by appealing the conviction because no verdict was entered.

[1] at 5-10.

The State filed a Response, along with the record, and now this matter is before the

_____

[2]The Court notes that it could be argued that Braggs's petition is untimely under 28 U.S.C. § 2244(d), even considering statutory tolling pursuant to § 2244(d)(2), as his petition was filed more than one year after the denial of his motion for post-conviction relief. Because the State did not assert this argument as a basis for dismissal, the Court will review the petition on the merits. *Cf. Holland v. Florida*, 560 U.S. 631 (2010)(holding that the one-year statute of limitations found in § 2244(d) is subject to equitable tolling.).

Court.

## II.  DISCUSSION

### A.  Procedurally Barred Claims:  Grounds One, Two, and Three

In Braggs's first three grounds for relief, he presents claims that have never been

properly presented to the State's highest court for consideration.  Although these grounds were

presented to the Mississippi Supreme Court in the context of his claims of ineffective assistance

of trial and appellate counsel in his motion for post-conviction collateral relief, Braggs did not

argue, as he does in this habeas petition, that these grounds constituted independent bases for

relief.  In Ground One, he challenges the existence of the filed jury verdict.  In Ground Two, he

challenges the admission of trial exhibits on the docket five days after the close of trial.  In

Ground Three, he attacks the trustworthiness of the trial transcript and argues that it has been

modified. No relief would now be available to Braggs in state court on these grounds because of

the statutory bar of Mississippi Code Annotated § 99-39-21(1).  The statutory procedural bar

provides, as follows:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or
> errors either in fact or law which were capable of determination at trial, and/or on
> direct appeal, regardless of whether such are based on the laws and the
> Constitution of the state of Mississippi or of the United States, shall constitute a
> waiver thereof and shall be procedurally barred, but the court may upon a
> showing of cause and actual prejudice grant relief from the waiver.

Miss. Code Ann. § 99-39-21(1).   The Fifth Circuit has held that Section 99-39-21(1) is an

independent state procedural bar.  *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).   "If a

petitioner fails to exhaust state remedies, but the court to which he would be required to return to

meet the exhaustion requirement would now find the claim procedurally barred, then there has

been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243

F.3d 215, 220 (5th Cir. 2001)(citing *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir.1995)(other citations omitted). Thus, due to the procedural bar of Section 99-39-21(1), Petitioner has technically exhausted his state court remedies on these claims, and they would now be barred from review in state court. A federal court may not review the merits of a procedurally-barred claim absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice. *See Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995).

However, Braggs did argue, in his motion for post-conviction collateral relief, that his counsel failed to provide effective assistance of counsel with regard to these claims. Ineffective assistance of counsel may sometimes constitute "cause" to overcome procedural default. *See Edwards v. Carpenter*, 529 U.S. 445, 452 (2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)("'[A] claim for ineffective assistance,' we said, generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'"). The Mississippi Supreme Court has determined that Braggs's counsel provided effective assistance of counsel with regard to these three grounds for relief. Thus, this Court must review the Mississippi Supreme Court's application of the federal standard for evaluating ineffective assistance of counsel claims, as found in *Strickland v. Washington*, 455 U.S. 668 (1984).

In a habeas proceeding, this Court analyzes the Mississippi Supreme Court's application of federal law by the standard set forth in 28 U.S.C. § 2254(d). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) provides:

(d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1996). Thus, the question for this Court is whether the state court's application of the *Strickland* standard was unreasonable. *Mitchell v. Epps*, 641 F.3d 134, 141 (5th Cir. 2011).

An ineffective assistance of counsel claim is analyzed under the two-prong test found in *Strickland.* 466 U.S. at 687. First, petitioner "must show that counsel's performance was deficient." *Id.* If a petitioner can establish deficient performance by his attorney, then he must also demonstrate the second prong of *Strickland*, "that [his attorney's] deficient performance prejudiced [his] defense." *Id.*

The standard of review of an attorney's performance is "highly deferential," considering only the facts and resources available to the petitioner's counsel at the time of trial. *Id.* at 689; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994). When considering an ineffective assistance of counsel claim, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. When applying *Strickland* and section 2254(d), review is "doubly deferential." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009); *Harrington v.*

*Richter*, 131 S. Ct. 770, 788 (2011).  As stated in *Mitchell*,

> For the district court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Richter*, [131 S. Ct. at 785.] "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 788. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."

*Mitchell*, 641 F.3d at 141(internal quotation marks and citation omitted in original). Considering this standard of high deference, the Court turns to evaluate whether the Mississippi Supreme Court's application of *Strickland* was unreasonable, and, thus, whether counsel's performance could establish "cause" for Braggs's default of these claims.

### 1.  Cause for Default

### a.  The Jury Verdict

Turning to the first claim, in his motion for post-conviction collateral relief, Braggs argued at Issue No. 4, [18-8] at 46, that his appellate counsel, Virginia Watkins and W. Daniel Hinchliff, failed to provide effective assistance of counsel when they pursued an appeal of his conviction because the judgment of conviction has no date of entry and no jury verdict was filed. Thus, he argues, he was never convicted, and he is illegally imprisoned.  He asserts that he pointed this out to counsel and asked that counsel argue it as error. [18-8] at 47.

The transcript shows that the jury verdict convicting Braggs of armed robbery was read in open court. [18-4] at 69-70.  Furthermore, at his trial counsel's request, the trial court polled the jury to determine if the verdict was unanimous.  *Id.* at 70-71.  Although the verdict is handwritten, it appears in the record and clearly states that "We the Jury Find the Defendant ( )

David Braggs, guilty as charged." [18-1] at 87.  Braggs's sentencing order, which contains a judgment of conviction signed by the trial court judge, was signed by the trial court on March 14, 2005, and was filed by the circuit clerk on March 31, 2005.  *Id.* at 88-89.

Considering these items, the undersigned concludes that the record plainly contradicts Braggs's claims that no jury verdict exists and no judgment of conviction was ever entered. "Counsel cannot be deficient for failing to press a frivolous point." *Sones*, 61 F.3d at 415 n.5 (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Because the record is clear that a jury verdict and a judgment of conviction exists, and any arguments by counsel attacking the verdict on this basis would have been frivolous, the Mississippi Supreme Court's application of the *Strickland* standard on this claim was not unreasonable.  Accordingly, because the undersigned finds that the Mississippi Supreme Court's application of *Strickland* to this claim was not unreasonable, this argument does not provide a basis for a finding of "cause" for default. Because Braggs has failed to establish "cause," the undersigned need not examine whether Braggs has established "actual prejudice."  *Herbst v. Scott*, 42 F.3d 902, 906 (5th Cir.), *cert. denied*, 115 S.Ct. 2590 (1995).

### b.  Admission of Trial Exhibits

In his motion for post-conviction collateral relief, Braggs argued at Issue No. 2, [18-8] at 45, that his trial counsel provided ineffective assistance of counsel when he failed to object to the admission of exhibits in the record on November 22, 2004, five days after trial ended. The Mississippi Supreme Court considered this issue and determined that Braggs's allegations lacked sufficient merit to warrant an evidentiary hearing, pursuant to *Strickland*, and denied Braggs's petition.

As a basis for this argument, Braggs points to a page of the certified copy of the docket entries of his case. [1-1] at 14; [18-1] at 6.  On page 2 of the certified copy of the docket entries, as of November 22, 2004, the circuit clerk made the notation, "Exhibits" and "Exhibit in vault." Braggs interprets this simple notation recording the placement of an exhibit or exhibits from trial into the vault of the circuit clerk as the illegal entry of exhibits into evidence before the court.

By statute in Mississippi, circuit clerks are tasked with the job of organizing and safekeeping the records of cases, both civil and criminal, that are before the circuit courts.  *See* Miss. Code Ann. §§ 9-7-12 *et seq*.;  9-7-171 *et seq*. (1994). The notation by the circuit clerk of placement of the evidence from Braggs's trial into the vault was no reflection on the effectiveness or ineffectiveness of his trial counsel, and presentation of this argument by counsel to the state courts would have been frivolous.  "Counsel cannot be deficient for failing to press a frivolous point." *Sones*, 61 F.3d at 415 n.5 (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Thus, the Mississippi Supreme Court's application of the *Strickland* standard on this claim was not unreasonable.  Accordingly, because the undersigned finds that the Mississippi Supreme Court's application of *Strickland* to this claim was not unreasonable, this argument does not provide a basis for a finding of "cause" for default.  Because Braggs has failed to establish "cause," the undersigned need not examine whether Braggs has established "actual prejudice" as to this ground for relief.  *Herbst v. Scott*, 42 F.3d 902, 906 (5th Cir.), *cert. denied*, 115 S.Ct. 2590 (1995).

c. Trial Transcript

In Bragg's motion for post-conviction collateral relief, he argued in the heading of Issue No. 5 that his appellate counsel was ineffective by failing to file a rebuttal to the State's reply

brief, and he alleged that the trial transcript had been forged and manipulated. [18-8] at 47.  In the body of his argument on this issue, he primarily attacked his counsel's failure to respond adequately to the arguments of the State on appeal and the sufficiency of the evidence to convict him.  The Mississippi Supreme Court considered this issue and determined that Braggs's allegations lacked sufficient merit to warrant an evidentiary hearing, pursuant to *Strickland*, and denied Braggs's petition.

Although Braggs's argument on this issue in his motion for post-conviction collateral relief centered primarily on the sufficiency of the evidence to convict him, in an abundance of caution, the undersigned construes this argument as one asserting that, as he presents in this forum, the transcript is "definitely an amended version of the language." [1] at 8. Thus, at this juncture, this Court will review the Mississippi Supreme Court's decision to determine if its application of *Strickland* to this issue was unreasonable.

In this case, there is no basis, other than Petitioner's conjecture, for his argument that the trial transcript has been manipulated or modified.  Any argument on that basis would have been frivolous. "Counsel cannot be deficient for failing to press a frivolous point." *Sones*, 61 F.3d at 415 n.5 (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).  Moreover, his attack of his appellate counsel's brief-writing skills are conclusory.  "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). Thus, the Mississippi Supreme Court's application of the *Strickland* standard was not unreasonable, and this argument does not provide a basis for a finding of "cause" for default.  Because Braggs has failed to establish "cause," the undersigned need not examine whether Braggs has established "actual prejudice" as to this

ground for relief.  *Herbst v. Scott*, 42 F.3d 902, 906 (5th Cir.), *cert. denied*, 115 S.Ct. 2590

(1995).

<u>2.  Prejudice</u>

Nevertheless, although the Court need not address the issue of "prejudice," the

undersigned finds that Braggs has failed to establish "actual prejudice" resulting from his

grounds alleging that no jury verdict was filed, that the admission of trial exhibits was recorded

on the docket by the circuit clerk after trial had concluded, and that his trial transcript was

modified.  In other words, Braggs fails to show that these alleged infractions made any

difference during his trial or appeal.

To establish prejudice, a habeas petitioner must show "not merely that the errors at . . .

trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v.*

*Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).  Discussing this standard, the Fifth

Circuit has stated that "[a] mere possibility of prejudice will not satisfy the actual prejudice

prong of the cause and prejudice test, much less demonstrate actual innocence."  *United States v.*

*Shaid*, 937 F.2d 228, 236 (5th Cir. 1991)(en banc).

Braggs fails to show the "possibility" of prejudice, must less "actual and substantial

disadvantage."  As discussed above, had appellate counsel brought these arguments, they would

have been considered frivolous by the state appellate courts.  Accordingly, Braggs has failed to

establish that he was prejudiced by his counsel's failure to press these arguments before the

Mississippi appellate courts.

<u>3.  Fundamental Miscarriage of Justice Exception</u>

The next step in this analysis is to determine whether Braggs's procedural default of his claims in his first, second, and third grounds may be excused by a demonstration that failure to consider these claims will result in a fundamental miscarriage of justice.  These cases "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McClesky v. Zant*, 499 U.S. 467, 494 (1991). This standard requires the petitioner to make a "'colorable showing of factual innocence.'" *Herrera v. Collins*, 113 S.Ct. 853, 862 (1993)(quoting *Kuhlman v. Wilson*, 477 U.S. 436, 454 (1986)).

The "fundamental miscarriage of justice" exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with "new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Fairman*, 188 F.3d at 644 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  "Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Id.*

A review of the filings and the state court record shows that Braggs fails to meet this exception.  Braggs has failed to come forward with "new, reliable evidence that was not presented at trial" that shows that it was "'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Furthermore, while Braggs maintains his innocence, consideration of these claims as found in Grounds One, Two, and Three would not

have the effect of creating any grounds for habeas relief.  As discussed above, Braggs's

arguments in Grounds One, Two, and Three, even when considered on the merits, are frivolous.

According to the docket and the court records, a verdict of guilty was reached, the handwritten

jury verdict was entered in the court records, and a sentencing order was entered.  The circuit

clerk's notation on the docket regarding trial exhibits did not equate to admission of additional

evidence after the close of trial.  Instead, it was a part of the record-keeping responsibilities of

the circuit clerk, as mandated by state statute.  Finally, other than Petitioner's conjecture, there is

no basis for his argument that the trial transcript has been modified.  Accordingly, the Court's

failure to consider these grounds for relief will not result in a fundamental miscarriage of justice.

As such, Braggs's claims in Grounds One, Two, and Three should be dismissed.

### B.  Claims Eligible for Habeas Review

In Ground Four, Braggs presents four arguments based on ineffective assistance of his

counsel, all of which are related to the form of the jury verdict. [1] at 10.[3] As discussed

---

[3]Braggs's remaining grounds for relief are evaluated by the standards set forth in 28 U.S.C. § 2254(d).  As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) provides:

>     (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>         (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>         (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

previously in this Report and Recommendation, a handwritten jury verdict was filed, stating "We the jury find the Defendant ( ) David Braggs guilty as charged." [18-1] at 87.  Braggs refuses to recognize this as a valid jury verdict, and, instead, he argues his trial counsel McNees erred by filing a motion for judgment notwithstanding the verdict because no verdict was filed.  His remaining three arguments assert, in sum, that the attorney who prepared the record and began the appeal process, Virginia Watkins, and his appellate counsel, Daniel Hinchcliff, provided ineffective assistance of counsel when they pursued an appeal because no verdict was ever entered on the record. [1] at 10.

The Mississippi Supreme Court considered these grounds as a part of Braggs's Motion for Post-Conviction Collateral Relief. [18-8] at 46-47, 49-50.  Evaluating the arguments pursuant to *Strickland*, 455 U.S. at 668, the Mississippi Supreme Court determined that they lacked "sufficient merit to warrant an evidentiary hearing" and denied the motion.

Petitioner claims that his trial and appellate counsel were ineffective when they filed a motion for a judgment notwithstanding the verdict and pursued an appeal based on a handwritten verdict. Although the verdict is handwritten, *see* [18-1] at 87, the prisoner commitment notice and sentencing order were entered reflecting that Braggs was, indeed, convicted by a jury.  *Id.* at 88-89.  Moreover, the record clearly shows that the handwritten verdict was handed down in open court, and the jury was polled to ensure that it was their verdict. [18-4] at 69-71.

"Counsel cannot be deficient for failing to press a frivolous point." *Sones*, 61 F.3d at 415 n.5.  Moreover, the Supreme Court has held that "appellate counsel is not constitutionally ineffective just because he does not raise every non-frivolous issue requested by the defendant."

---

28 U.S.C. § 2254(d)(1996).

*Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991)(citing *Jones v. Barnes*, 463 U.S. 745 (1983)).

In this case, the Mississippi Supreme Court's application of the *Strickland* standard was not unreasonable.  *See Mitchell*, 641 F.3d at 141.  Both trial counsel and appellate counsel cannot be faulted for not attacking the handwritten verdict, that was acknowledged, read, and filed in the record, and on which the trial court entered sentencing and commitment orders.  Accordingly, the Mississippi Supreme Court's application of *Strickland* to these grounds was not unreasonable, and these grounds do not form the basis for habeas relief.

III. CONCLUSION

Accordingly, for the reasons stated above, Braggs's petition for habeas corpus relief should be denied, and this case should be dismissed with prejudice.  Braggs's Motion for Summary Judgment [14] should be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 6th day of February, 2017.

       /s/  F. Keith Ball
UNITED STATES MAGSTRATE JUDGE

-16-